PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:14-CR-261-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOSEPH F. SATAVA, III, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF Nos. 16-1; 29] |

While married to Petitioner, Defendant embezzled money from his employer—lots of money. As described below, Defendant has pleaded guilty to his crime and agreed to forfeit what is left of that which he stole. The Petitioner, Defendant's estranged wife, claims a marital interest in those ill-gotten gains. For the reasons provided below, the Court grants the Government's motion for summary judgment (ECF No. 29) and, concomitantly, denies Petitioner's request for an ancillary hearing (ECF No. 16-1).

## I. Factual and Procedural Background

On August 8, 2014, Defendant Joseph F. Satava, III, was charged by way of a single-count Information with Theft or Embezzlement in connection with health care, in violation of 18 U.S.C. § 669. ECF No. 1. The Information includes a forfeiture provision, specifying that Defendant "shall forfeit property, including, but not limited to, an amount of money equal to the proceeds of Count 1; namely, the amount of $2,923,221." *Id.* at 2. Defendant entered a guilty plea to the Information pursuant to an executed written plea agreement. ECF No. 10 at 2.

(1:14-CR-261-1)

Among other things, the plea agreement detailed, the factual basis for Defendant's guilty plea and Defendant's agreement to forfeit the proceeds derived from the commission of Count 1. ECF No. 17 ¶¶ 4, 25–26. Because the direct proceeds of Defendant's criminal activity had been commingled with untainted property, Defendant agreed to the forfeiture of the following properties as substitute assets: (1) Real property located at 5553 Lake Road, Sheffield Lake, Lorain County, Ohio, Parcel #03-00-032-101-013 and #03-00-032-101-014; (2) $225,000.00 from Schwab Rollover IRA, Account #xxxx-8823; and (3) approximately $191,000.00 from Medical Mutual 401-K account. *Id.* ¶ 6 (citing 21 U.S.C. § 853(p)).

Pursuant to the Court's Preliminary Order of Forfeiture, the substitute assets were forfeited to the United States under 18 U.S.C. § 982(a)(7). ECF No. 13 at 5. Pertinent to the motions now under consideration, the United States was authorized to seize a check from Defendant's Schwab Rollover IRA in the amount of $183,274.08, and one from Defendant's Medical Mutual 401-K in the amount of approximately $143,573.79.[1] *Id.* The Government then sent notice to Petitioner, Lin Marie Satava, pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), informing her of her right to file a petition for a hearing adjudicating legal interests in the substitute assets. ECF No. 14.

Petitioner timely filed a petition asserting a ½ interest in each of the substitute assets. ECF No. 16-1 at 2. Petitioner contends that she filed for divorce from Defendant after she had learned of Defendant's criminal activities. ECF No. 31-1 ¶ 12. The date that Petitioner filed for

---

[1] The Government acknowledged that the actual amount received is $141,963.81. ECF No. 14 at 2.

divorce—June 4, 2014—predates both the date when the Government filed the Information against Defendant and the date when the Court entered its Preliminary Order of Forfeiture. *See* ECF Nos. 1; 13. The divorce proceeding is still pending.[2]

Before the Court is Petitioner's request for an ancillary hearing to adjudicate the validity of certain property interests subject to the Court's Preliminary Forfeiture Order (ECF No. 13). ECF No. 16-1. Also pending is the Government's motion for summary judgment, which seeks to obviate the need for the Court to conduct the ancillary hearing requested by Petitioner. *See* ECF No. 29 at 10 (citing Fed. R. Crim. P. 32.2(c)(1)(B) for the proposition that "the court need not conduct a hearing if it grants a motion . . . for summary judgment" as to the interests asserted in forfeited property). Although the Government recognizes Petitioner's interest in the real property located at 5553 Lake Road, Sheffield Lake, Ohio, the Government argues that summary judgment is appropriate with respect to the checks drawn from Defendant's IRA and 401-K accounts because Petitioner has no legal interest in either account. *Id.* at 2. Petitioner opposes the motion. ECF No. 31. The Government has replied. ECF No. 32. Petitioner filed a sur-reply. ECF No. 33. The Court has been advised, having reviewed the record, including the parties' briefs and the applicable law. The matter is ripe for adjudication.

## II. Legal Standard

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any

[2] The docket for the case (*Satava v. Satava*, 14DR078541) may be accessed at the Lorain County Clerk of Court of Common Pleas' website (http://www.loraincounty.com/clerk/).

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

After the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). To defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. A fact is "material" only if its resolution will affect

the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990)). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily is not sufficient to defeat a motion for summary judgment. *Id.*

**III. Discussion**

Federal Rule of Criminal Procedure 32.2(c) provides that, as a general rule, the Court must conduct an ancillary proceeding on petition of a third party asserting a property interest in the property to be forfeited. Fed. R. Crim. P. 32.2(c). The Court need not conduct an ancillary hearing, however, if the Court grants a party summary judgment because there are no factual disputes as to the third party's interest in the property. Fed. R. Crim. P. 32.2(c)(1)(B); *see United States v. Brown*, 509 F. Supp. 2d 1239, 1241 (M.D. Fla. 2007) (noting that either party may move for summary judgment, as the rule expressly makes Fed. R. Civ. P. 56 applicable to the proceeding).

Upon a timely petition, a third party may assert a legal interest in property which has been subjected to forfeiture by court order. 21 U.S.C. § 853(n)(2). The petitioner bears the burden of establishing one of two grounds for modifying the order of forfeiture as to the forfeited property by a preponderance of evidence. The petitioner may demonstrate that she held a "legal

right, title, or interest in the property" that was superior to the defendant's interest in the property. *Id.* § 853(n)(6)(A). Or, the petitioner may demonstrate that she was a "bona fide purchaser for value" who, at the time of purchase, did not have "cause to believe that the property was subject to forfeiture." *Id.* § 853(n)(6)(B). These are the only grounds for third-party recovery in an ancillary proceeding. *United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010) (stating that a district court can amend an order of forfeiture only by the two avenues set forth in 21 U.S.C. § 853(n)(6)).

**A. Superior Interest in the Property**

A petitioner may successfully obtain relief from an order of forfeiture if she can demonstrate that her interest in the property is superior to the government's interest in the property "at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." 21 U.S.C. § 853(n)(6)(A); *see also* *United States v. Harris*, 246 F.3d 566, 575 (6th Cir. 2001) (stating that the government "steps into the defendant's shoes" when it acquires an interest in the forfeited property) (quoting *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991)). For substitute assets, the act giving rise to the forfeiture is the entry of the Court's order of forfeiture. *United States v. Parrett*, 530 F.3d 422, 431 (6th Cir. 2008).

In this case, the Government acquired an interest in Defendant's Schwab Rollover IRA and the Medical Mutual 401-K accounts on September 10, 2014 when the Court entered its Preliminary Order of Forfeiture. ECF No. 13. Petitioner contends that she has an interest that is superior to the Government's interest by operation of R.C. § 3105.171. Petitioner argues that the accounts are marital property as retirement benefits "acquired by either or both of the spouses

during the marriage." R.C. § 3105.171(A)(3)(a). Petitioner further argues that R.C. § 3105.171(C) presumes an equal division of all marital property in divorce proceedings. Therefore, Petitioner argues that she has a half interest in the accounts which is superior to the Government's interest because she initiated divorce proceedings prior to the entry of the Preliminary Order of Forfeiture.

Petitioner's argument is without merit. Ohio is not a community property state, and spouses are free to take, hold, and dispose of property as if unmarried. R.C. § 3103.07. The undisputed evidence shows that Defendant was the sole owner of the accounts on the date that the Government acquired its interest in the properties. ECF No. 29-1 ¶¶ 10, 14. Both accounts were entirely funded by payments from Defendant's defrauded employer, Medical Mutual—either through withheld salary with matching employer contributions into the 401-K or through rolling over an employer-funded pension plan. *Id.* ¶¶ 9, 16. The fact that Petitioner was married to the owner of the accounts does not create a sufficient legal interest to satisfy 21 U.S.C. § 853(n)(6)(A).

Nor does Petitioner's appeal to R.C. § 3105.171 save her claim. That provision of the Ohio Revised Code applies to the division of property during a divorce proceeding and has no application in a federal forfeiture action. *See United States v. 133 Firearms with 36 Rounds of Ammunition*, 2012 WL 511287, at *7 (S.D. Ohio Feb. 15, 2012) (rejecting a claim that R.C. § 3105.171 grants an interest in property held separately by a spouse as permitted under R.C. § 3103.07). It may be true that, "[i]n *divorce proceedings*, the court shall . . . determine what constitutes marital property" and divide it equitably between the spouses. R.C. § 3105.171(B)

(emphasis added). Petitioner's divorce proceedings, however, are pending before the Lorain County Domestic Relations Court—not before the instant unit of the United States District Court for the Northern District of Ohio. And while it is true, as Petitioner contends, that an equal division of marital property shall be presumed to be equitable, R.C. § 3105.171(C) forbids an equal division in cases in which such a division would create inequity. *Kaechele v. Kaechele*, 518 N.E.2d 1197, 1200 (1988) (noting that Ohio courts have rejected a "flat equal-property-division rule" in divorce proceedings) (citing *Cherry v. Cherry*, 421 N.E.2d 1293, 1298 (1981)). As the task of equitably dividing marital property falls to the trial court at the conclusion of divorce proceedings, *see* R.C. § 3105.171(B), Petitioner's assertion that she is entitled to a ½ interest in all marital property is speculative until such a determination has been made.

There are no facts supporting a finding that Petitioner had a superior interest than the Government in Defendant's Schwab Rollover IRA and the Medical Mutual 401-K accounts as of the date of the Preliminary Order of Forfeiture. Therefore, Petitioner cannot satisfy the requirements of 21 U.S.C. § 853(n)(6)(A).

**B. Bona Fide Purchaser for Value**

Alternatively, a petitioner may prevail if she can demonstrate that she was a bona fide purchaser for value. 21 U.S.C. § 853(n)(6)(B). In Ohio, a bona fide purchaser takes property 1) for valuable consideration, 2) in good faith, and 3) absent notice of any adverse claims. *Groza-Vance v. Vance*, 834 N.E.2d 15, 28 (Ohio Ct. App. 2005) (quotation marks omitted); *see also* *Harris*, 246 F.3d at 571 (observing that state law determines the nature of property interests involved in federal forfeiture proceedings). As mentioned above, Defendant is the sole owner of

both the Schwab Rollover IRA and the Medical Mutual 401-K accounts. ECF No. 29-1 ¶¶ 10, 14. Aside from her marital property arguments, which the Court has rejected, Petitioner does not allege any interest in the two accounts. There are no facts that support a finding that Petitioner is a bona fide purchaser of these accounts. Accordingly, the Court holds that her petition fails to satisfy the requirements of 21 U.S.C. § 853(n)(6)(B).

## IV. Conclusion

Petitioner has failed to demonstrate an appropriate legal interest under 21 U.S.C. § 853(n)(6) in Defendant's Schwab Rollover IRA and Medical Mutual 401-K. As there is no genuine dispute to any material fact regarding these accounts, summary judgment is appropriate. The Court hereby grants the Government's motion for summary judgment against Petitioner. ECF No. 29. Additionally, the Court denies Petitioner's request for an ancillary hearing (ECF No. 16-1) pursuant to Fed. R. Crim. P. 32.2(c)(1)(B).

IT IS SO ORDERED.

April 7, 2015
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge